UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____  )
RONALD E. THOMPSON,              )   No. C04-2554L
                                 )
              Plaintiff,         )
      v.                         )   ORDER GRANTING DEFENDANTS STATE
                                 )   OF WASHINGTON AND GARY LOCKE'S
STATE OF WASHINGTON, *et al.*,   )   MOTION TO DISMISS
                                 )
              Defendants.        )
_____  )

        This matter comes before the Court on "Defendants State of Washington and Gary Lock's Motion to Dismiss Pursuant to FRCP 12(b)(6)." Dkt. # 20. Defendants argue that all of plaintiff's claims should be dismissed because (1) there are no facts alleged that could give rise to a viable claim against the state defendants and (2) the state defendants are immune from suit in federal court under the Eleventh Amendment of the United States Constitution. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996). The allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. <u>In re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 925-26 (9th Cir. 1996); <u>LSO, Ltd. v. Stroh</u>, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Only those claims for which it appears beyond

ORDER GRANTING DEFENDANTS STATE
OF WASHINGTON AND GARY LOCKE'S
MOTION TO DISMISS

doubt that plaintiff can prove no set of facts which would entitle him to relief should be dismissed. Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

Plaintiff alleges that defendants State of Washington and Gary Locke are liable for various constitutional and statutory violations because they failed to prohibit abuses of process in Pierce County District and Superior Courts. Plaintiff theorizes that Pierce County and the Pierce County District and Superior Courts exist and act through powers delegated from the State of Washington and its Governor, making the state defendants liable for the County's conduct.[1] Having reviewed the memoranda submitted by the parties, the Court finds as follows:

(1) Plaintiff's claims against the state defendants fail because they cannot be held responsible for the acts of their subordinate entities. Under 42 U.S.C. § 1983, a defendant will be held liable only when his, her, or its conduct caused a constitutional tort. Christie v. Iopa, 176 F.3d 1231, 1234-35 (9th Cir. 1999). A government entity such as the state and its officers cannot be held liable simply because their employees or agents have violated plaintiff's constitutional rights. Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003). Rather, the government entity may be held liable for constitutional violations only when they occur as a result of the government's official "policy or custom." Monell v. New York City Dept. Soc. Servs., 436 U.S. 658, 694 (1978). This rule ensures that municipalities are liable only for "acts that are, properly speaking, acts 'of the municipality.'" Pembauer v. Cincinnati, 475 U.S. 469, 480 (1986).

Plaintiff has not alleged any discrete decisions or acts by either the State of Washington or Gary Locke that could serve as "policymaking" by these defendants (Pembauer,

---

[1] Plaintiff does not assert that the state defendants or the County are employers subject to liability under Title VII.

ORDER GRANTING DEFENDANTS STATE
OF WASHINGTON AND GARY LOCKE'S
MOTION TO DISMISS                                -2-

475 U.S. at 481), and the acts of subordinate entities, such as Pierce County and its courts, are generally insufficient to create municipal liability under § 1983 (Monell, 436 U.S. at 694).  Nor has plaintiff alleged any facts which could suggest the existence of "widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  Nadell v. Las Vegas Metro. Police Dept., 268 F.3d 924, 929 (9th Cir. 2001).  In such circumstances, there is no basis on which the State of Washington or its chief executive officer could be held liable for any of the constitutional or statutory violations alleged by plaintiff.

(2) The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  While the plain language of the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it is well established constitutional law that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citing Hans v. Louisiana, 134 U.S. 1 (1890)).  The Eleventh Amendment not only bars suits for damages in federal court against the state, but also bars claims against state agencies and officials insofar as such suits would actually run against the state treasury.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984); Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

There are two exceptions to the Eleventh Amendment jurisdictional bar.  First, Congress may abrogate Eleventh Amendment immunity through an "unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States."  Pennhurst, 465 U.S. at 99.  No such intent is expressed under either Section 1983 or Section 1985 of the Civil Rights Act of 1964.  Although Congress has abrogated the states' immunity

ORDER GRANTING DEFENDANTS STATE
OF WASHINGTON AND GARY LOCKE'S
MOTION TO DISMISS                             -3-

from suit under Title VII, plaintiff has not alleged that he was ever employed by the state defendants and is not asserting a Title VII claim against these defendants.  Second, the state may waive its Eleventh Amendment immunity by making an unequivocal expression of its consent to suit in federal court.  Pennhurst, 465 U.S. at 99.  Plaintiff has not identified, and the Court has not found, any legislative or judicial indication that the State of Washington has agreed to defend civil rights claims in federal court.  See Soundgarden v. Eikenberry, 123 Wn.2d 750, 776 (1994) (the State of Washington has not waived its immunity from § 1983 suits).  Because neither of the exceptions to Eleventh Amendment immunity apply in this case, the Court does not have jurisdiction to hear plaintiff's claims against the State of Washington or its chief executive officer.

For all of the foregoing reasons, the state defendants' motion to dismiss is GRANTED.  Plaintiff's claims against the State of Washington and Gary Locke are hereby dismissed with prejudice.

DATED this 11th day of July, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge