1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
_____
)
10   RONALD E. THOMPSON,                       )        No. C04-2554L
                                               )
11                        Plaintiff,           )
                                               )        ORDER GRANTING DEFENDANTS PIERCE
12           v.                                )        COUNTY AND JOHN LADENBURG'S
                                               )        MOTION TO DISMISS
13   STATE OF WASHINGTON, *et al.*,            )
                                               )
14                        Defendants.          )
     _____ )

15          This matter comes before the Court on defendants "Pierce County and

16   Ladenburg's Motion to Dismiss."  Dkt. # 31.  Defendants argue that all of plaintiff's claims

17   should be dismissed because there are no facts alleged that could give rise to a viable claim

18   against the County defendants.  In the context of a motion to dismiss under Fed. R. Civ. P.

19   12(b)(6), the Court's review is generally limited to the contents of the complaint.  <u>Campanelli v.

20   Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996).  The Court may, however, consider documents

21   referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and

22   matters of judicial notice when determining whether the allegations of the complaint state a

23   claim upon which relief can be granted.  <u>United States v. Ritchie</u>, 342 F.3d 903, 908-09 (9th Cir.

24   2003).  Where consideration of additional documents is appropriate, the allegations of the

25

26   ORDER GRANTING DEFENDANTS
     PIERCE COUNTY AND JOHN
     LADENBURG'S MOTION TO DISMISS

complaint and the contents of the documents are accepted as true and construed in the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief should be dismissed.  Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

Plaintiff alleges that defendants Pierce County and John Ladenburg are liable for the unconstitutional and illegal actions of the municipal and County court, the County prosecutor, the public defender, and the County sheriff.[1]  Having reviewed the memoranda and exhibits submitted by the parties, including the documents on file in Case No. 3YC010606, the Court finds as follows:

(1) Although plaintiff's response was filed outside the time permitted under the Local Civil Rules, the Court has considered plaintiff's arguments in ruling on defendants' motion to dismiss.  Future failures to comply with the deadlines and limitations of Local Civil Rule 7 may result in sanctions, including the striking of untimely or overlength submissions.

(2)  Under 42 U.S.C. § 1983, a defendant will be held liable only when his, her, or its conduct causes a constitutional tort.  Christie v. Iopa, 176 F.3d 1231, 1234-35 (9th Cir. 1999).  Plaintiff's attempt to hold the County defendants liable for the conduct of the District Court, the Superior Court, and the prosecutor's office fails because those entities acted under the authority of the state judicial system in determining whether to prosecute plaintiff and presiding over the criminal matter.  Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000); Whatcom County v. State, 99 Wn. App. 237, 250 (2000).   The County therefore had no power to control

---

[1]  Plaintiff does not assert that the County defendants are employers subject to liability under Title VII.

ORDER GRANTING DEFENDANTS
PIERCE COUNTY AND JOHN
LADENBURG'S MOTION TO DISMISS          -2-

the local courts or the prosecutor in the performance of their judicial/prosecutorial functions and cannot be held responsible for the constitutional deprivations allegedly caused by these independent actors.  Eggar v. City of Livingston, 40 F.3d 312, 314-16 (9th Cir. 1994).

(3)  To the extent the County defendants have control over the Pierce County Sheriff's Office and/or the local courts and prosecutor, a government entity such as the County and its officers cannot be held liable simply because their employees or agents have violated plaintiff's constitutional rights.  Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003).  Rather, the government entity may be held liable for constitutional violations only when they occur as a result of defendant's official "policy or custom."  Monell v. New York City Dept. Soc. Servs., 436 U.S. 658, 694 (1978).  This rule ensures that municipalities are liable only for "acts that are, properly speaking, acts 'of the municipality.'"  Pembauer v. Cincinnati, 475 U.S. 469, 480 (1986).

Plaintiff has not alleged any discrete decisions or acts by either the County or John Ladenburg that could serve as "policymaking" by these defendants (Pembauer, 475 U.S. at 481), and the acts of subordinate entities, such as the Sheriff, are generally insufficient to create municipal liability under § 1983 (Monell, 436 U.S. at 694).  Nor has plaintiff alleged any facts which could suggest the existence of "widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  Nadell v. Las Vegas Metro. Police Dept., 268 F.3d 924, 929 (9th Cir. 2001).  In such circumstances, there is no basis on which Pierce County or its chief executive officer could be held liable for any of the constitutional or statutory violations alleged by plaintiff.[2]

---

[2]  In addition, plaintiff has not identified and the Court has not found any authority for the proposition that the Pierce County Sheriff's Office had a duty to act on a report of criminal activity filed by plaintiff.  Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994).  See also DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196-97 (1989).  Absent a constitutional violation, there can be no liability under 42 U.S.C. § 1983.

ORDER GRANTING DEFENDANTS
PIERCE COUNTY AND JOHN
LADENBURG'S MOTION TO DISMISS          -3-

1       (4) Given the limited record available in the context of a motion to dismiss and the

2   requirement that the complaint and additional documents be considered in the light most

3   favorable to plaintiff, the Court is unable to conclude whether the various

4   abstention/jurisdictional doctrines discussed by the County defendants have merit in the

5   circumstances of this case.

6

7         For all of the foregoing reasons, the County defendants' motion to dismiss is

8   GRANTED.  Plaintiff's claims against Pierce County and John Ladenburg are hereby dismissed

9   with prejudice.

10

11        DATED this 11th day of July, 2005.

12

13  *MRT S Lasnik*

14  Robert S. Lasnik
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26  ORDER GRANTING DEFENDANTS
    PIERCE COUNTY AND JOHN
    LADENBURG'S MOTION TO DISMISS    -4-