UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD E. THOMPSON,

    Plaintiff,

vs.

THE STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No.  C04-2554L

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6)" (Dkt. # 35) filed by defendants Comcast of Puget Sound, Inc. ("Comcast"), William Crews, Angela Granberry, Gena Endicott, Curtis Shaw, Keith Berisford, and Paul Bailey (together, "Defendants").  For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

Pro se Plaintiff Ronald Thompson brings this action in order to "enjoin the state of Washington, Pierce County Washington and Comcast Communications Inc. from depriving The [sic] plaintiff of rights, privileges, or immunities secured or Protected [sic] by the constitution and laws of the United States."  Complaint at 2.  Plaintiff alleges that Defendants conspired to violate his civil rights by, among other things, falsifying bail documents, bringing meritless harassment charges against him, soliciting false statements from witnesses, and wrongfully

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) - 1

terminating his employment with defendant Comcast. Complaint at 3-9. Plaintiff prays for relief in the amount of $66,000,000.00. Defendants counter that Mr. Thompson has failed to state a claim upon which relief can be granted and, accordingly, that his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. DISCUSSION

**A.    Standard of Review**.

Motions pursuant to Fed. R. Civ. P. 12(b)(6) test whether the allegations contained in the complaint satisfy the requirements of Fed. R. Civ. P. 8(a). Rule 8(a) merely requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint should be dismissed for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing 12(b)(6) motions, the complaint is construed in the light most favorable to the plaintiff, its allegations of material fact are taken as true, and reasonable inferences that can be drawn from the pleadings are drawn in favor the plaintiff. See Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992); accord Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).

**B.    Analysis**.

Plaintiff states claims under the Violent Crime Control and Law Enforcement Act, the Violence Against Women Act, the Family Violence Prevention and Services Act, Executive Order 11246, 18 U.S.C. §§ 241 and 242, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1983 and 1985. The Court will address the sufficiency of these claims in turn.

**1.    Violent Crime Control and Law Enforcement Act.**

The Violent Crime Control and Law Enforcement Act provides the Attorney General of the United States with the authority to initiate a civil action for injunctive or declaratory relief against law enforcement agencies that have engaged "in a pattern or practice . . . that deprives

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) - 2

persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141(a).  The statute does not provide a private right of action. See 42 U.S.C. § 14141(b).  Consequently, plaintiff's claims under the Violent Crime Control and Law Enforcement Act must be dismissed for failing to state a claim upon which relief can be granted.

### 2. Violence Against Women Act.

The portion of the Violence Against Women Act codified at 42 U.S.C. § 13981 provided a civil remedy for victims of gender-motivated violence.  This portion of the Violence Against Women Act was declared unconstitutional in United States v. Morrison, 529 U.S. 598 (2000).  Because the Supreme Court's decision in Morrison is binding upon this Court, plaintiff's cause of action under this law cannot, as plaintiff urges, be heard on its own distinct merits; instead, it must be dismissed.

### 3. Family Violence Prevention and Services Act.

As with the Violent Crime Control and Law Enforcement Act, the Family Violence Prevention Services Act contains no private right of action.  See generally 42 U.S.C. §§ 10401-10420.  Rather, it is designed to assist states in their efforts to increase awareness about family violence and to provide technical assistance and training to state and local agencies, non-profit organizations, and individuals.  See 42 U.S.C. § 10401.  Accordingly, plaintiff's complaint is subject to dismissal for failure to state a claim as it relates to the Family Violence Prevention Services Act.

### 4. Executive Order 11246.

A similar fate befalls Mr. Thompson's claims under Executive Order 11246.  In Utley v. Varian Assoc., 811 F.2d 1279, 1286 (9th Cir. 1987), the Ninth Circuit held that Executive Order 11246 does not contain an express or an implied private right of action.  Therefore, plaintiff does not have an actionable claim under this order.

### 5. 18 U.S.C. §§ 241 and 242.

Plaintiff also brings claims pursuant to 18 U.S.C. §§ 241 and 242. These are federal criminal statutes relating, respectively, to conspiracy against civil rights and deprivation of rights under the color of law. Neither provides for a private cause of action. See Rockefeller v. U.S. Court of Appeals Office for the Tenth Circuit Judges, 248 F. Supp.2d 17, 23 (D. D.C. 2003) (holding that the plaintiff is precluded from bringing a private claim under § 242); Fiorino v. Turner, 476 F. Supp. 962, 963 (D. Mass. 1969) ("With regard to the alleged violations of 18 U.S.C. §§ 241 [and] 242 . . . plaintiff has failed to cite, and the court has been unable to locate, any authority which would support implying a civil cause of action for violations of these provisions. To the contrary, the case law indicates that violation of these statutes does not give rise to a civil cause of action"). Therefore, plaintiff's complaints under 18 U.S.C. §§ 241 and 242 must be dismissed.

### 6. Title VII of the Civil Rights Act of 1964 ("Title VII").

Prior to seeking redress in a judicial forum for his Title VII claims, plaintiff must exhaust administrative remedies. See Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2004); accord B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 1992). 42 U.S.C. § 2000e-5(e)(1) mandates that the administrative proceedings be initiated within a specified time period. The record before the Court indicates that plaintiff filed a claim with the Washington State Human Rights Commission on March 21, 2005. The claim, which alleged that defendant Comcast discriminated against plaintiff, was dismissed because it was not filed within the statutorily mandated time period. It follows that because plaintiff has not exhausted administrative remedies, and indeed cannot exhaust those remedies because his claims are now time barred, his complaint under Title VII is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

### 7. 42 U.S.C. §§ 1983 and 1985.

Finally, plaintiff alleges that Defendants conspired with state officials to deprive him of his constitutionally protected rights in violation of 42 U.S.C. §§ 1983 and 1985. Specifically, he

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) - 4

alleges that defendant Judith Gordon conspired with other non-state actors, including certain Comcast employees not named as parties to this action, to violate his civil rights by filing false claims of abuse, harassment and threats against him. He also contends that defendant Comcast conspired with defendant Pierce County to violate his civil rights by terminating his employment based on allegations of improper conduct and discriminating against him on the basis of race and gender. See Complaint at 3-4.

Insofar as plaintiff alleges that private individual defendants conspired with one another to deprive him of his civil rights, see, e.g., Complaint at 3 ¶ 8, his allegations are fatally flawed. A prerequisite for a valid claim under § 1983 is action under color of law. 42 U.S.C. § 1983; accord Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Private actors are only considered to be acting under color of law when they act in concert with a state actor. Id. at 152 ("To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents"). Therefore, plaintiff's allegation that defendant Judith Gordon conspired with certain Comcast employees is not actionable under § 1983 because none of the alleged conspirators is a state actor.

Plaintiff also alleges that Pierce County conspired with Comcast to terminate his employment. Because Pierce County is a state actor, this allegation is properly brought under § 1983. Defendants concede this point, but contend that because plaintiff grounds his §1983 claim upon an alleged conspiracy between the above-mentioned Defendants, he must meet a more stringent pleading standard in order to withstand their 12(b)(6) motion. In support of this contention, Defendants point the Court to the following language from Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977):

> In an effort to control frivolous conspiracy suits under § 1983, federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts.

In keeping with this language, and notwithstanding allegations of conspiracy, Ninth Circuit

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) - 5

precedent provides that conclusory allegations must be supported by material facts. See Woodrum v. Woodward County Okl., 866 F.2d 1121, 1127 (9th Cir. 1989); accord Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that conclusory allegations, without more, are insufficient to sustain conspiracy claims under either §1983 or §1985).

Plaintiff's complaint fails to allege facts showing a meeting of the minds between Pierce County and Comcast. Instead, the complaint contains a single conclusory allegation that Pierce County conspired with Comcast to terminate his employment, Complaint at 4, and then proceeds to describe a number of discriminatory incidents allegedly perpetrated upon plaintiff by employees of Comcast that have nothing to do with Pierce County. Thus, his §1983 claim is subject to dismissal.

Similarly, plaintiff's §1985 claims, see Complaint at 7-8, fail to withstand Defendants' 12(b)(6) motion because the complaint contains no material facts to support the conclusory allegations that Defendants conspired to violate his civil rights. See Aldabe, 616 F.2d at 1092; accord Karim-Panahi v. Los Angles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988); Dunn v. Gazzola, 216 F.2d 709, 711 (1st Cir. 1954).

### 8.  Dismissal With or Without Prejudice.

While the Court both acknowledges the long standing practice of dismissing without prejudice when dismissal is proper prior to reaching the merits, see, e.g., Swan Land & Cattle Co. v. Frank, 148 U.S. 603 (1893), and recognizes that pro se litigants must be afforded the benefit of any doubt, the Court is of the opinion that this is one of those situations in which it is "absolutely clear that [some of] the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623.[1] Specifically, plaintiff's claims under the Violent

---

[1] In keeping with Eldrige v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987), the Court has described the deficiencies of plaintiff's complaint in the body of this order and will not, therefore, provide plaintiff with a separate list of those deficiencies.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) - 6

Crime Control and Law Enforcement Act, Violence Against Women Act, the Family Violence Prevention and Services Act, Executive Order 11246, 18 U.S.C. §§ 241 and 242, and Title VII are incurable. Consequently, dismissal of these claims with prejudice is warranted.

In contrast, it is conceivable that plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 could be remedied by amendment (i.e., that he could plead material facts in support of his allegations). Accordingly, these claims are dismissed without prejudice.

### III. CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss is GRANTED. Mr. Thompson's claims under the Violent Crime Control and Law Enforcement Act, Violence Against Women Act, the Family Violence Prevention and Services Act, Executive Order 11246, 18 U.S.C. §§ 241 and 242, and Title VII are DISMISSED with prejudice. His claims under 42 U.S.C. §§ 1983 and 1985 are DISMISSED without prejudice.

DATED this 24th day of August, 2005.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) - 7